IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2113-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RICHARD VILLEGAS, ) | |
| ) | |
| Respondent. ) | |

On 13 March 2012, the court entered judgment in this case (D.E. 59) after a two-day evidentiary hearing finding that the government failed to establish that respondent meets the criteria for commitment as a sexually dangerous person under 18 U.S.C. § 4248 and releasing him from custody. The case is now before the court on the motion (D.E. 60) by the government, filed 21 March 2012, seeking permission for the Federal Bureau of Prisons ("BOP") to produce forensic evaluation reports filed under seal in this case[1] to the appropriate United States Probation Office for the purpose of implementing the terms and conditions of respondent's 18-month term of supervised release to which he was sentenced by the District of Idaho in 2006 for a violation of supervised release on his 1999 conviction for the offense of abusive sexual contact on an Indian reservation. (*See* Judg. (D.E. 45), *United States v. Richard Villegas*, No.3:98-CR-00143-EJL (D. Ida. 26 June 2006))[2]. The conditions of respondent's supervised release include participation in sex offender

---

[1] The reports are found at D.E. 33-1, 33-2, 34-1, and 37.

[2] The government describes the 26 June 2006 revocation of supervised release on page 1 of the memorandum (D.E. 63) in support of its motion, indicating that the 26 June 2006 judgment is attached as Exhibit 2 to the memorandum, but the actual document attached (D.E. 63-2) is a previous judgment revoking respondent's supervised release on 14 September 2005. (*See* D.E. 33 (Idaho case)). As a result of the 14 September 2005 revocation, respondent was sentenced to 6 months imprisonment, followed by 30 months supervised release. *Id.* at 2-3. In the currently effective judgment entered 26 June 2006, the court adjudicated respondent guilty of failing to participate in sex offender treatment, indicating that the violation ended on 31 May 2006. (D.E. 45 (Idaho case) at 1). For this violation, respondent was sentenced to 12 months imprisonment followed by 18 months supervised release. *Id.* at 2-3.

treatment and an evaluation for sexual deviancy. *Id.* at 4. The government seeks release of the reports for use by the United States Probation Office in implementing the conditions of release.

The government initially did not file a memorandum in support of the motion. Respondent filed a memorandum in opposition (D.E. 61). The court directed the government to submit additional briefing (D.E. 62). The government filed two additional memoranda (D.E. 63, 64). For the reasons that follow, the motion will be allowed.

As a threshold matter, the court questioned whether respondent remains subject to a term of supervised release in the District of Idaho in light of a 22 April 2009 letter from the sentencing judge to respondent indicating his time incarcerated while awaiting a commitment hearing in this case would count toward his term of supervised release in the Idaho case, and consequently the term of supervised release would have expired. (*See* D.E. 48 and 48-1 (Idaho case)). The government filed a copy of a recent letter from the sentencing judge (D.E. 64-1 (this case), D.E. 49 (Idaho case)) stating that the time respondent spent incarcerated awaiting a commitment hearing in this case will not count toward his term of supervised release. The government also filed a copy of a Probation Office record (D.E. 63-3) showing that respondent is to be under supervision until 26 September 2013. Therefore, respondent remains on supervised release, and the government's motion is not moot.

Respondent does not identify a specific privilege or right upon which he bases his opposition to production of the reports sought. Rather, he opposes the requested production, in part, on the grounds that "[t]he reports in question should not be used in connection with any proceeding save that for which they were produced." (Resp.'s Mem. ¶ 3). The general rule, however, is that information produced in discovery in a civil case may be used in other cases. *See, e.g., Frees, Inc.*

2

*v. McMillian,* No. 05-1979, 2007 WL 184889, at *4 (W.D. La. 22 Jan. 2007) (mag. judge order) ("'[U]nless it can be shown that the discovering party is exploiting the instate litigation solely to assist litigation in a foreign forum, federal courts allow full use of the information in other forums.'" (quoting *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (W.D. Tex. 1980)), *aff'd*, 2007 WL 1308388 (W.D. La. 1 May 2007); *Trans Pacific Insurance Co. v. Trans-Pacific Insurance Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991) ("Although discovery may not be undertaken solely for the purpose of obtaining information for use in another proceeding, the parties may make any lawful use of information rightfully gathered during discovery."); *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 410 (N.D.N.Y. 1973) ("[U]nless it can be shown that the discovering party is exploiting the instant litigation solely to assist in other litigation before a foreign forum, federal courts do allow full use of the information in other forums."). Thus, the fact that the reports sought were produced in this case does not itself limit their use to this case.

Respondent also argues that he "believes the government seeks to release those reports to the United States Probation Office so that the Probation Office can increase his supervised release conditions." (Resp.'s Mem. ¶ 4). Respondent further contends, "The reports would offer nothing new into the equation, save an actuarial group-like estimation of future sex crime risk that is not scientifically particularized to Mr. Villegas." (*Id.*) The court is unconvinced by these conclusory contentions. One of the reports is based on a relatively recent interview of respondent (D.E. 37). This report and the other psychological evaluations of him (D.E. 33-1, 33-2, 34-1) would appear to be helpful in coordinating respondent's treatment. The public—and respondent—have a strong interest in his treatment being as effective as possible. This consideration weighs strongly in favor

3

of production. If the reports do prove useless, the resources wasted will be the government's, not respondent's.

Respondent argues, again without citation to any authorities, that the request for the reports "should be made by the United States Attorney or U.S. Probation Office in the district where Mr. Villegas serves his term of supervision." (Resp.'s Mem. ¶ 6). The court sees nothing improper with counsel for the government in this district seeking production of the reports in question. The request is being made on behalf of the United States. Efficiency is promoted by having its counsel in this district litigate the request, rather than requiring its counsel from another district do so. This court is undoubtedly a proper forum for the request because the reports were produced in litigation here.

Next, respondent argues that allowing the government to furnish the reports to the appropriate Probation Office would effectively add to the conditions of respondent's supervised release the special condition that he produce private and confidential information to a Probation Officer and that such a special condition can be added only by the sentencing court, which must provide adequate support for the addition on the record. (Resp.'s Mem. ¶¶ 7-10). In fact, though, the requested directive that the Probation Office be permitted to disclose the records does not require respondent to do anything. None of the cases cited by respondent in support of this argument construes a court's authorization of the government to release confidential information to a Probation Officer as having the effect of modifying supervised release terms. *United States v. Inman*, 666 F.3d 1001, 1003, 1006 (6th Cir. 2012) (disapproving supervised release condition requiring defendant to provide Probation Office with any requested personal financial information, where defendant's crime of possession of child pornography was not financial in nature); *Burkey v. Marberry*, 556 F.3d 142, 144, 146 n.3 (3rd Cir. 2009) (affirming mootness finding in habeas case where petitioner already

4

released from custody, noting general rule that sentencing court retains exclusive authority to modify sentence); *United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008) (approving supervised release conditions limiting use of computers and mail and where defendant can live and work under sentence for possession of child pornography). Because the court is not interjecting itself into respondent's sentencing proceedings in the Idaho case, allowing disclosure here would not, as respondent contends, provide a precedent for this court to involve itself in the sentencing proceedings associated with the numerous other § 4248 cases before it.

The government further argues that, absent the order sealing the reports, the BOP would be authorized to release them pursuant to BOP Program Statement 1351.05. The program statement does not have the force of law and the court does not base its ruling on the program statement, although the action taken herein is consistent with it.

The court recognizes that respondent was called by the government as a witness at the commitment hearing. (*See* Order (D.E. 58) 4). For this reason, among others, the court is allowing production solely for the requested purpose of implementing the terms of respondent's supervised release. His compelled answers may not be used in any subsequent criminal case. *See Allen v. Illinois*, 478 U.S. 364, 374 (1986).

IT IS THEREFORE ORDERED that the government's motion (D.E. 60) is ALLOWED. BOP may produce the forensic evaluation reports filed under seal in this case (*i.e.*, D.E. 21, 33-2, 34-1, and 37) to the appropriate United States Probation Office solely for use in implementing the terms of supervised release imposed by the District of Idaho in its case no. 3:98-CR-00143-EJL. Any documents marked as "Attorney's Eyes Only" pursuant to paragraph 4(h)(iii) of this court's Standing Order re Procedures for Commitments under 18 U.S.C. § 4248, no. 10-SO-01 (E.D.N.C. 4 Aug.

5

2010) shall remain subject to the provisions thereof and shall not be shown to respondent without the consent of respondent's counsel or an order of this court.

This 22nd day of June 2012.

James E. Gates
United States Magistrate Judge